**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

UNITED STATES OF AMERICA

v.

CARLOS DE LA PUENTA

Civil Action No.
1:94-cr-00351-SDG

**OPINION AND ORDER
GRANTING DEFENDANT'S
COMPASSIONATE RELEASE MOTION**

Before the Court is Defendant Carlos de la Puenta's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) [ECF 532], as well as his motion to admit statements [ECF 544]. He asks the Court to reduce his sentence because a change in the law presents extraordinary and compelling reasons to do so. For the reasons discussed below, the Court **GRANTS** the motions and will schedule a hearing so the parties may present their § 3553(a) arguments.

## I.      Background

In 1998, de la Puenta was convicted of conspiracy to possess cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841 and 846.[1] Prior to his sentencing, the government filed an information under 21 U.S.C. § 851, alerting

---

[1]      ECF 369.

the Court to de la Puenta's three prior state-law drug convictions.[2] While his sentencing guideline range was 360 months to life in prison, the § 851 enhancement carried a mandatory life sentence, for which de la Puenta was sentenced and that he is currently serving. At 66 years old, and having served almost thirty years in prison, he argues now that a recent change in law renders him eligible for release.

The First Step Act became law in 2018. Its purpose, in part, is eliminating unnecessarily long federal sentences via statutory reform. One such reform impacts de la Puenta's sentence: As amended in § 401 of the First Step Act, the mandatory minimum sentence for a defendant with two prior serious drug felonies is now 25 years in prison—not life.[3] The amendment is not retroactive and thus does not automatically apply to defendants sentenced prior to its enactment. De la Puenta, however, argues that the reform qualifies him for a sentence reduction under the compassionate release statute.

---

[2]   ECF 339. The cases include a 1986 conviction for possession of cocaine with intent to distribute, a 1986 conviction for sale of cocaine, and a 1989 conviction for possession of cocaine with intent to distribute.

[3]   21 U.S.C. § 841(b)(1)(A) ("If any person commits a violation of this subparagraph . . . after 2 or more prior convictions for a serious drug felony have become final, such person shall be sentenced to a term of imprisonment of not less than 25 years . . . ."); First Step Act of 2018, Pub. L. No. 115-391, § 401, 132 Stat. 5194 (Dec. 21, 2018).

## II.     Legal Standard

Section 3582(c)(1)(A)(i) of the 1984 Sentencing Reform Act codifies the compassionate release process. Under it, a district court may reduce a prisoner's term of incarceration if "after considering the factors set forth in § 3553(a) to the extent they are applicable . . . it finds that *extraordinary and compelling* reasons warrant such a reduction," that "the defendant is *not a danger* to the safety of any other person or to the community," and that "such a reduction is *consistent with the applicable policy statements* issued by the Sentencing Commission."

Extraordinary and compelling are expansive terms. Congress tasked the Sentencing Commission with issuing a policy statement describing "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The Sentencing Commission promulgated a policy statement regarding the "extraordinary and compelling" definition under § 1B1.13(b), which passed Congress without modification or disapproval. The policy statement lists six categories justifying a sentence reduction: (1) the defendant's medical circumstances, (2) advanced age, (3) family circumstances, (4) whether the defendant is a victim of abuse, (5) "other reasons," and (6) whether the defendant received an unusually long sentence. The unusually long sentence provision at § 1B1.13(b)(6) states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, *a change in the law* (other than an amendment to the Guidelines Manual that has not been made retroactive) *may be considered* in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a *gross disparity* between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

De la Puenta moves under this provision.

As its primary argument in opposing de la Puenta's motion, the government maintains its position that the Commission exceeded its authority by allowing courts to consider nonretroactive changes in law. For reasons this Court explained thoroughly in *United States v. Harper*, No. 1:04-CR-00218-SDG, 2024 WL 1053547, at *1 (N.D. Ga. Mar. 11, 2024), that argument fails.

## III.   Discussion

### A.   De la Puenta qualifies for a sentence reduction.

Section 1B1.13(b)(6) of the Sentencing Guidelines sets forth three dispositive factors for a change in law to qualify as an extraordinary and compelling reason for a sentence reduction. First, the sentence must be unusually long. Second, the defendant must have served at least ten years of that sentence. And finally, there must be a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed.

4

De la Puenta flies through the first two factors. There is no question that a life sentence is an unusually long sentence.[4] Indeed, it is the longest. The government argues that de la Puenta's sentence is not unusually long because, essentially, many inmates convicted of drug related crimes are serving mandatory minimum sentences.[5] This is entirely unpersuasive as it says nothing about sentence *length*, the only pertinent data point at this stage. Second, de la Puenta has served more than ten years of his sentence—nearly thirty, in fact.

The third factor, though, warrants a closer look. Here, de la Puenta was convicted under 21 U.S.C. §§ 841(a) and 846, and the government sought a § 851 enhancement. At the time, these charges carried a mandatory sentence of life in

---

[4]   For reasons discussed more thoroughly in *Harper*, the Court compared de la Puenta's sentence to all other offenders, not just offenders convicted under the same statute as de la Puenta. According to the Commission, "data show that between fiscal year 2013 and fiscal year 2022, fewer than 12 percent (11.5%) of all offenders were sentenced to a term of imprisonment of ten years or longer." U.S. Sent'g Comm'n, *Amendments to the Sentencing Guidelines* (2023), https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 (last visited Oct. 1, 2024) [https://perma.cc/95NC-4W7B]. And, only 2.5 percent of all federal offenders were serving life sentences in 2021. *Quick Facts — Federal Offenders in Prison*, U.S. Sent'g Comm'n (Jan. 2023), available at https://www.google.com/url?sa=t&source=web&rct=j&opi=89978449&url=https://www.ussc.gov/sites/default/files/pdf/research-and-publications/quick-facts/BOP_January2023.pdf&ved=2ahUKEwiPtIDqku6IAxU8FlkFHb8xNCAQFnoECBgQAw&usg=AOvVaw1u6Yfomjy1mXCuhOrSBA2n (last visited Oct 1, 2024) [https://perma.cc/3MJT-559J].

[5]   ECF 539, at 7.

prison, which was imposed. Years later, Congress, recognizing the severity of such a requirement, amended the statute's mandatory minimum to 25 years. The difference between a mandatory minimum of life and a mandatory minimum of 25 years is grossly disparate. In the wise words of Chief Judge Batten, "the dictionary definition of 'gross' is 'glaringly noticeable' . . . . [T]he difference between a life sentence and any sentence less than life is glaringly noticeable." *United States v. Allen*, No. 1:09-CR-320-TCB, 2024 WL 631609, at *6 (N.D. Ga. Feb. 12, 2024).

Today, de la Puenta's guideline range would be 360 months to life. And though the life sentence that de la Puenta is currently serving is still within the current guideline range (albeit the highest end of it), the Court finds it highly unlikely that de la Puenta would have received a life sentence for a non-violent drug offense today. Thus, de la Puenta satisfies the third and final factor under the unusually long sentence provision of § 1B1.13(b)(6).

## B.     De la Puenta is not a danger to the community.

De la Puenta must also show that he "is not a danger to the safety of any other person or to the community." U.S. SENT'G GUIDELINES § 1B1.13(a)(2). The Court makes quick work of this factor. While de la Puenta was convicted of a serious crime, nothing about his actions during the commission of the crime was

violent—he did not even possess a firearm.[6] Since entering federal prison, he has received zero citations for violence.[7] There is no reason to believe de la Puenta poses a threat, violent or otherwise, to any individual or to the community at large. Nor does the government argue otherwise.

**C.    The Court will determine the specific sentence reduction after a hearing.**

Having concluded that de la Puenta is entitled to a sentence reduction, the second step under § 3582(c)(1)(a) requires the Court to determine how much of his sentence should be annulled. The § 3553(a) factors are critical here. These factors are difficult to assess fairly and thoroughly on the papers. Determining an appropriate sentence is a delicate and deliberate task—one the Court does not take lightly. It requires a thoughtful, nuanced, and balanced assessment of interests and is best suited for an in-person hearing. The Court will thus schedule a hearing so that the parties can present their § 3553(a) arguments.

**IV.    The motion to admit statements is granted.**

De la Puenta filed a motion to admit statements in support of his compassionate release motion and asks that Court to consider these statements as part of its § 3553(a) analysis.[8] The government acknowledges that the Court has

---

6    ECF 532, at 14.

7    ECF 532-3.

8    ECF 544.

broad discretion to consider a wide breadth of information when modifying a sentence. The Court agrees that it can consider the statements; the weight these statements should carry will be taken up at the hearing.

## V.     Conclusion

De la Puenta's motion for compassionate release [ECF 532] and motion to admit statements [ECF 544] are **GRANTED**. The § 3553(a) hearing will be scheduled shortly and separately noticed on the docket.

**SO ORDERED** this 6th day of November, 2024.

_____
Steven D. Grimberg
United States District Judge